IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHELLE LYNN W.,

        Plaintiff,

v.                                              Civil Action No.
                                                     5:20-CV-0631 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR PLAINTIFF** | |
| STEVEN R. DOLSON LAW OFFICE<br>126 N. Salina Street<br>Suite 3B<br>Syracuse, NY 13202 | GREGORY P. FAIR, ESQ.<br>STEVEN R. DOLSON, ESQ. |
| **FOR DEFENDANT** | |
| SOCIAL SECURITY ADMIN.<br>625 JFK Building<br>15 New Sudbury St<br>Boston, MA 02203 | NICOLE SONIA, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# ORDER

    Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g) are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on August 3, 2021, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3)   The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)   The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   August 5, 2021
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x
MICHELLE LYNN W.,

                        Plaintiff,

vs.                          5:20-CV-631

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on August 3, 2021, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LAW OFFICES OF STEVEN R. DOLSON<br>Attorneys at Law<br>126 N. Salina Street, Suite 3B<br>Syracuse, New York  13202<br>  BY:  GREGORY P. FAIR, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of the General Counsel<br>JFK Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203<br>  BY:  NICOLE SONIA, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1          (The Court and all counsel present by
2              telephone.)
3          THE COURT:  Let me begin by thanking both of you
4    for excellent oral and written presentations.
5          I have before me a challenge by plaintiff to an
6    adverse determination by the Commissioner of Social Security
7    finding that she was not disabled at the relevant times and
8    therefore ineligible for the benefits sought.  The challenge
9    is brought pursuant to 42 United States Code Section 405(g).
10         The background is as follows:  Plaintiff was born
11   in September of 1971 and is currently 49 years of age.  She
12   stands approximately five foot three-and-a-half inches in
13   height and at various times has weighed between 195 and
14   220 pounds.  Plaintiff has a 12th grade education and was in
15   regular classes while in high school.  She also has
16   one-and-a-half years of community college education in the
17   field of liberal arts.  Plaintiff lives with her husband and
18   one son who in April of 2019 was 23 years old.  She has three
19   other grown children.  Plaintiff lives in a house in
20   Hannibal, New York.  She at one point moved to North Carolina
21   but then returned to New York.  She is right-handed and
22   drives.  Plaintiff stopped working in April of 2012.  She
23   suffered a Workers' Compensation injury when she slipped on
24   water and fell in October of 2011.  She worked up until
25   January 7, 2012.  She later returned to work on April 9 and

1  left on April 27, 2012.  She worked from 1990 until she
2  stopped working as a licensed CNA.
3          Plaintiff suffers physically from asthma, lumbar
4  degenerative disk disease, heart issues, type 2 diabetes, and
5  obesity.  She underwent a laminectomy with fusion on
6  December 20, 2013.  The surgery was performed by Dr. Colin
7  Harris, who practices with Syracuse Orthopedic Specialists,
8  or SOS.  Mentally, plaintiff also suffers from depressive
9  disorder and anxiety disorder.  Plaintiff's primary health
10 care provider is through Fulton Health Center which
11 apparently is now known as ConnextCare.  She has also treated
12 with SOS, including Dr. Harris and Dr. Richard DiStefano.
13 She has seen Dr. Raymond Alcuri from 2011 until June of 2013
14 for back pain management.  She has seen providers at New York
15 Spine & Wellness Center.  She has seen Physician's Assistant
16 Craig Hanifin and she has treated at the New York Heart
17 Center.
18         She has been prescribed various medications
19 including hydrocodone, ibuprofen, nitroglycerin, metformin,
20 meloxicam, tizanidine, epidural steroid injections, and a
21 rescue inhaler.  She has also undergone massage therapy and
22 chiropractic intervention.
23         In terms of activities of daily living, plaintiff
24 is able to dress, bathe, groom, at least above the waist.
25 She does laundry, she's able to shop, does some cooking, she

1  is able to drive short distances, she watches television,
2  listens to the radio, and socializes.  Plaintiff is a smoker,
3  between one half and one pack per day.  At one point she quit
4  but then resumed smoking.
5           Procedurally, plaintiff applied for Title II
6  Disability Insurance benefits on August 20, 2013, alleging an
7  onset date of April 27, 2012.  It was noted that a prior
8  application from November 12, 2012 was reopened as well.
9  Plaintiff claims disability based on heart condition,
10 depression, diabetes, spinal stenosis, a blood disorder, and
11 high blood pressure.  On February 5, 2015, Administrative Law
12 Judge Bruce Fein conducted a hearing to address plaintiff's
13 application for benefits.  Judge Fein subsequently issued an
14 adverse determination on July 10, 2015.  That became a final
15 determination of the agency on October 17, 2016, when the
16 Social Security Administration Appeals Council denied
17 plaintiff's application for review.
18          Upon court review, the matter was remanded based on
19 a decision from Magistrate Judge Thérèse Wiley Dancks issued
20 on January 24, 2018 for failure of the administrative law
21 judge to address treatment notes, including from Dr. Harris,
22 Physician's Assistant Richman, Dr. Tiso, and Dr. Tallarico,
23 pursuant to the treating source rule, all suggesting that
24 plaintiff was capable of either sedentary or less than
25 sedentary work.  The administrative law judge decision was

1  subsequently vacated on May 21, 2018 by the Appeals Council
2  and the matter was remanded.
3       A new hearing was conducted on April 9, 2019 by ALJ
4  Fein, at which a vocational expert also testified.  At that
5  hearing, it was determined that plaintiff was seeking
6  disability benefits for a closed period of April 27, 2012 to
7  July 1, 2017, based upon her return to work on that date.
8  ALJ Fein issued an adverse determination again on May 22,
9  2019.  That became the final determination when the Appeals
10 Council denied plaintiff's application for review on May 8,
11 2020.  This action was commenced on June 8, 2020 and is
12 timely.
13      In his decision, ALJ Fein applied the familiar
14 five-step sequential test for determining disability after
15 first concluding that plaintiff was insured through
16 December 13, 2018.
17      At step one, he concluded plaintiff had not engaged
18 in substantial gainful activity over the closed period for
19 which benefits were sought.  He did, however, note that there
20 was some work activity in 2016, but it did not rise to a
21 level sufficient to be found to be substantial gainful
22 activity.
23      At step two, ALJ Fein concluded that plaintiff does
24 suffer from severe impairments that impose more than minimal
25 limitations on her ability to perform basic work functions,

1  including lumbar degenerative disk disease status post
2  laminectomy and fusion, coronary artery disease status post
3  myocardial infarction, depressive disorder, and anxiety
4  disorder.
5          At step three, he concluded that plaintiff's
6  conditions do not meet or medically equal any of the listed
7  presumptively disabling conditions set forth in the
8  regulations, including Listings 1.04, 4.04, 12.04, and 12.06.
9          After reviewing the medical evidence and other
10 evidence, plaintiff's residual functional capacity was
11 determined by ALJ Fein to include the ability to perform
12 sedentary work with exceptions including:  She could not
13 climb ropes, ladders, or scaffolds, kneel, crouch, or crawl.
14 The claimant could occasionally balance, stoop, and climb
15 ramps or stairs, she had to avoid concentrated exposure to
16 unprotected heights, she also needed a low stress job which
17 is defined as one involving only occasional decision making,
18 changes in the work setting, and use of judgment.
19         At step four, ALJ Fein concluded that plaintiff is
20 not capable of performing her past relevant work as a home
21 health aide or CNA, either as actually performed or
22 generally performed in the national economy.
23         At step five, ALJ Fein first noted that if
24 plaintiff were capable of performing a full range of
25 sedentary work, a finding of no disability would be required

1    under the Medical-Vocational Guidelines, or the Grid Rules,
2    and specifically Grid Rules 201.28 and 201.21.  Noting that
3    there were additional limitations that would erode the job
4    base on which the Grids were predicated, ALJ Fein concluded,
5    based on the testimony of a vocational expert who applied a
6    hypothetical that aligned with the RFC finding, plaintiff is
7    capable of performing available work in the national economy,
8    citing representative positions of table worker, stuffer-toy
9    and addresser, and therefore concluded that plaintiff was not
10   disabled at the relevant times.
11           The court's function in this matter is to determine
12   whether correct legal principles were applied and whether the
13   result is supported by substantial evidence.  The Second
14   Circuit noted in *Brault v. Social Security Administration*
15   *Commissioner*, 683 F.3d 443, Second Circuit, 2012, that
16   substantial evidence means such relevant evidence as a
17   reasonable mind would accept as adequate to support a
18   conclusion.  The court further noted in *Brault* that this is
19   an extremely deferential standard and stringent, more so even
20   than the clearly erroneous standard.  The court further noted
21   that, under the substantial evidence standard, once an ALJ
22   finds a fact, that fact can be rejected only if a reasonable
23   fact finder would have to conclude otherwise.
24           In this case, plaintiff raises a single contention
25   and that revolves around the determination, how much weight

to be given to medical opinions in the record and it centers not exclusively but primarily on the treating source rule as it applies to opinions given by Dr. Harris, the treating orthopedic surgeon. And it is based on treatment notes from October 2015 and February 2016 as well as the July 2015 medical source statement and limitations cited in lifting and carrying as well as twisting and being off-task and absent.

As the plaintiff points out, under the regulations that were in effect at the time this application was made, the opinion of a treating physician regarding the nature and severity of an impairment is ordinarily entitled to considerable deference provided that it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Veino v. Barnhart*, 312 F.3d 578 at 588. Treating source opinions are not controlling, however, if they are contrary to other substantial evidence in the record, including the opinions of other medical experts. And of course where conflicts arise in the form of contradictory medical evidence, the resolution is properly entrusted to the Commissioner under *Veino*, 312 F.3d at 588.

Significantly, when an ALJ does not give controlling weight to a treating source's opinion, he or she must apply several factors to determine what degree of weight should be assigned to the opinion. Those factors are set out

1   in 20 C.F.R. Section 404.1527, and in this circuit are
2   generally referred to as the *Burgess* factors.  When a
3   treating source's opinion is repudiated, an ALJ must provide
4   specific reasons for the rejection.  The Circuit has noted
5   that in many instances because of the sheer volume I'm sure,
6   among other things, of cases that ALJs experience, they don't
7   often recite verbatim or rotely the *Burgess* factors that are
8   considered when analyzing a treating source's opinion.  And
9   so in *Estrella v. Berryhill*, for example, 925 F.3d 90, Second
10  Circuit 2019, the Second Circuit noted that rote recitation
11  of the *Burgess* factors is not necessarily required so long as
12  a searching review of the record reflects that the treating
13  source rule was not violated.
14          I have to say that in this case, it is somewhat
15  disappointing that ALJ Fein did not more clearly articulate
16  why Dr. Harris' opinions, which were contrary to the residual
17  functional capacity finding, were not given controlling
18  weight, particularly since this case was once remanded for
19  that very reason by the court.
20          Focusing on the July 2015 medical source statement
21  at page 822, it is rejected based on a very short paragraph
22  and really a single statement that many of plaintiff's
23  physical exams have noted relatively normal findings and
24  there are citations to treatment records.  On the issue of
25  lifting there are clearly competing medical opinions and

1   under *Veino*, of course, it is for the ALJ to resolve those
2   inconsistencies.
3          My focus really is on the issue of twisting.
4   Chiropractor Sean Higgins on July 24, 2012 at pages 402 to
5   405 issued an opinion finding that plaintiff should not
6   engage in repetitive twisting from the waist.  Of course that
7   opinion was given prior to the date of plaintiff's surgery.
8          Dr. Colin Harris, a treating source, has issued two
9   separate opinions addressing twisting.  In the July 28, 2015
10  medical source statement at 733 to 735, it was indicated that
11  plaintiff should rarely twist.  On October 20, 2015 at page
12  1076, Dr. Harris prescribed limited twisting activity.
13         Physician's Assistant Craig Hanifin and Dr. Warren
14  Wulff on February 23, 2016 at page 1066 indicated that
15  plaintiff should engage in limited twisting activity.
16         Dr. Elke Lorensen, whose opinion was given some
17  weight, issued a consultative opinion on 425 to 430 based on
18  her examination of the plaintiff.  It does not contain any
19  mention one way or the other of twisting limitation.
20         Dr. Steven Shilling was issued interrogatories,
21  he's a cardiology specialist, at 1027 to 1043.  His responses
22  dodge any questions related to plaintiff's back condition.
23         Dr. Sonya Clark, an orthopedic surgeon who was also
24  posed interrogatories, issued responses on August 31, 19 --
25  2018, I'm sorry, at pages 1016 to 1021.  The administrative

1    law judge and defendant rely heavily on that statement.
2    However, Dr. Clark in the form is not asked any questions
3    concerning twisting.  The postural limitations that were
4    asked about include climb stairs and ramps, climb ladders or
5    scaffolds, balance, stoop, kneel, crouch, or crawl.  No
6    request about the ability to twist.
7             In his decision, ALJ Fein does not specifically
8    discuss twisting.  He does discount Dr. Harris and PA
9    Hanifin's statements generally as not supported at 822.
10            When you look at the *Burgess* factors, Dr. Harris is
11   an orthopedic surgeon, longstanding treatment relationship.
12   The administrative law judge really did a very limited review
13   of the records and gave no explanation as to why the multiple
14   opinions limiting twisting were discounted.
15            This is a close case because I understand the
16   deferential nature of the court's review in this case, but I
17   believe that in this instance the treating source rule was
18   violated, particularly when it comes to the opinions
19   regarding twisting.  The question really then becomes, was it
20   harmless error.  This is a case that was resolved at step
21   five where the Commissioner bears the burden of proof.
22   Clearly the Commissioner can carry the burden by posing a
23   hypothetical to the vocational expert that includes all of
24   the limitations that the plaintiff experiences.  *Calabrese v.*
25   *Astrue*, 358 F.App'x 274 from Second Circuit 2009.  In this

1   case when it comes to twisting, there is no guidance in
2   Social Security Rulings or Regulations, including SSR 85-15,
3   concerning twisting.  The Dictionary of Occupational Titles
4   also contains no guidance on the issue, as well as the
5   Selected Characteristics of Occupations.  *Ricketts v.*
6   *Berryhill*, 2017 WL 6624025, from the Western District of
7   Oklahoma, December 28, 2017.
8              The crux then is that the vocational expert really
9   needs to weigh in on the effect, if any, on a twisting
10  limitation and in this case, I could perhaps imagine that the
11  three jobs cited would not necessarily involve more than
12  occasional twisting, but I'm not a vocational expert.  It's
13  not my place to make that judgment, it's for the vocational
14  expert; and the Commissioner, again, bears the burden of
15  proof at step five.  So I believe that a remand is required
16  in order to probe this issue.  *Hopkins v. Commissioner of*
17  *Social Security*, 2015 WL 4508630 from the Northern District
18  of New York 2015.  I find error and therefore no need to
19  address the secondary issues of off-task and absence.  I
20  don't find persuasive evidence of disability, and so I will
21  grant judgment on the pleadings to the plaintiff, vacate the
22  Commissioner's determination, and order that the matter be
23  remanded for further consideration consistent with this
24  opinion.
25             Thank you both for excellent presentations, I hope

1   you stay safe in these interesting times.
2               MR. FAIR:  Thank you, your Honor.
3               MS. SONIA:  Thank you.
4                   (Proceedings Adjourned, 11:45 a.m.)

```
1              CERTIFICATE OF OFFICIAL REPORTER
2
3
4         I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                    Dated this 3rd day of August, 2021.
17
18
19                              /S/ JODI L. HIBBARD
20                              JODI L. HIBBARD, RPR, CRR, CSR
                                Official U.S. Court Reporter
21
22
23
24
25
```

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547